# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.

JOHN DOE,

        Defendant.

C17-1729 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's motion for expedited discovery, docket no. 4, which is hereby GRANTED in part and DENIED in part as follows:

(1) The Court makes no ruling concerning the viability of plaintiff's claims, but authorizes plaintiff and its counsel to take the steps outlined in this Order, which are necessary to preserve the subscriber information associated with the Internet Protocol ("IP") address at issue. Plaintiff may issue to Comcast Cable Communications, LLC ("Comcast"), defendant John Doe's Internet service provider ("ISP"), a subpoena pursuant to Federal Rule of Civil Procedure 45. Such subpoena may request the name, street address, and e-mail address, but not any phone number, of the subscriber connected with IP address 24.18.38.215.

ORDER - 1

(2) Comcast shall give written notice **and copies of the subpoena *and* this Order** to the affected subscriber, via first-class U.S. mail, and via e-mail if practicable, **within seven (7) days after receipt of the subpoena**. Comcast shall not disclose the information sought in the subpoena during the 30-day period after notice is sent to the subscriber.

(3) Any objection to the subpoena by either the ISP (Comcast) or the affected subscriber must be filed with the Court **within 30 days after receipt of the subpoena or notice thereof**, by sending the objection to the Clerk of the Court, United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101. An objection need **not** contain the subscriber's name, address, or other identifying information, but must include the case number for this action, which is C17-1729 TSZ. If an objection contains the affected subscriber's identifying information, the Clerk shall file such objection under seal.

(4) If an objection is timely filed by the affected subscriber, plaintiff's counsel shall immediately notify the ISP, and the ISP shall preserve the material responsive to the subpoena at issue, but it shall not disclose the information sought therein, until further order of the Court. Similarly, if the ISP files an objection, the responsive material shall be preserved, but not disclosed.

(5) If no objection is timely filed, the ISP shall comply with the subpoena as soon as practicable after the termination of the 30-day waiting period, **but no later than 60 days after receipt of the subpoena**, by sending material responsive to the subpoena in an envelope prominently marked "CONFIDENTIAL SUBSCRIBER INFORMATION

-- TO BE FILED UNDER SEAL," addressed to the Clerk of the Court, United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101. The ISP shall **not** disclose such responsive material to plaintiff or its counsel.

(6) Plaintiff may serve summons and complaint on defendant John Doe using the following procedure. After the ISP provides responsive material to the Court, plaintiff's counsel may submit a blank summons to the Clerk, who will interlineate the affected subscriber's identity and service address on the summons and place the completed summons in a sealed envelope for return to plaintiff's counsel. Plaintiff's counsel shall not open or otherwise attempt to view the contents of such envelope before delivering it, along with a copy of this Order, to the process server of plaintiff's choosing. The process server shall keep the affected subscriber's identity and service address confidential and shall not disclose such information to plaintiff or its attorneys. The process server shall send any affidavit or declaration of either service or non-service in an envelope prominently marked "CONFIDENTIAL SUBSCRIBER INFORMATION -- TO BE FILED UNDER SEAL," addressed to the Clerk of the Court, United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101.

(7) Plaintiff shall not amend its pleadings to substitute the affected subscriber as a defendant or publicly disclose defendant's real identity unless specifically authorized to do so by the Court. Plaintiff and its attorneys shall not communicate directly with defendant John Doe for any purpose until further order of the Court.

(8) The deadlines for a Rule 26(f) conference, exchange of initial disclosures, and submission of a Joint Status Report are STRICKEN, and will be reset, if appropriate, at a later date.

(9) Except as expressly granted in this Order, plaintiff's motion for expedited discovery, docket no. 4, is denied.

(10) The Clerk is DIRECTED to send a copy of this Order to all counsel of record. Plaintiff's counsel is DIRECTED to provide a copy of this Order (i) along with the Rule 45 subpoena issued pursuant hereto, (ii) along with any blank summons submitted to the Clerk, and (iii) along with any summons provided under seal to the selected process server.

IT IS SO ORDERED.

Dated this 27th day of December, 2017.

Thomas S. Zilly
United States District Judge